**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Ann Chavez, | No. CV-12-01124-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendants. | |

Plaintiff brought this action for judicial review pursuant to 42 U.S.C. § 405(g) after her application for disability benefits was denied. Doc. 1. The Court reversed Defendant's decision and remanded the case for further proceedings. Doc. 33.

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. 36. The motion is fully briefed and no party has requested oral argument. For reasons that follow, the Court will grant the motion and award Plaintiff attorney's fees in the amount of $7,278.93.

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). Doc. 28; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorney's fees under the EAJA unless Defendant shows that her position in this case was "substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.  A position is substantially justified "if it has a reasonable basis in fact and law." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

Defendant does not contend that an award of fees in this case would be unjust. Nor has she shown that the positions taken in defense of the ALJ's erroneous decision were substantially justified.

The Court found that the ALJ committed legal error by failing to identify legally sufficient reasons for rejecting limitations assessed by Dr. Rossum, Plaintiff's treating cardiologist.  Doc. 33 at 11.  Defendant argues that her position was substantially justified because "a court could have found that the ALJ's evaluation of Dr. Rossum's opinion in this circumstance was appropriate." Doc. 39 at 6.  The opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal citation omitted).  The Court found that the ALJ failed to address concentration and attention limitations assessed by Dr. Rossum and that this error was not harmless because the ALJ did not address these limitations at all.  Doc. 33 at 11.  Because the ALJ failed to address limitations assessed by a treating physician, her decision did not comport with the Ninth Circuit's requirement for rejecting the opinion of a treating or examining physician.  Defendant's position cannot be said to have a "reasonable basis in law," and was not substantially justified.

Plaintiff's counsel, Mark Caldwell, has filed an affidavit (Doc. 38) and an itemized statement of fees (Doc. 38-1) showing that he worked 39.00 hours on this case. Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.  Plaintiff's counsel also requests that the Court order any check to be sent to his office because Plaintiff has assigned her right to EAJA fees to him.  Doc. 37 at 9.  The Court will not grant this request, however, because, as Defendant correctly notes, this determination

must be made by the Commissioner after confirming that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program.  Doc. 39 at 7-8 (citing *Astrue v. Ratcliff*, 560 U.S. 586, 594 (2010) ("EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts.")).

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Doc. 36) is **granted**.
2. Plaintiff is awarded **$7,278.93** pursuant to 28 U.S.C. § 2412.

Dated this 29th day of August, 2014.

David G. Campbell
United States District Judge